UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD FALOONA, )
　)
　　Plaintiff, )
　)
　　　v. ) CAUSE NO.: 2:07-CV-270-PRC
　)
NANCY RIECKEN, individually and in her )
official capacity,[1] )
　)
　　Defendant. )

**OPINION AND ORDER**

This matter is before the Court on Defendant Riecken's Motion for Summary Judgment [DE 18], filed by Defendant Nancy Riecken on May 29, 2008. On June 16, 2008, Plaintiff Richard Faloona filed an Answer to Motion for Summary Judgment. On June 25, 2008, Riecken filed a Reply Memorandum in Support of Defendant Riecken's Motion for Summary Judgment. For the reasons set forth below, the Court grants Defendant Riecken's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

On August 20, 2007, Faloona filed a standard form 42 U.S.C. § 1983 Complaint used by pro-se litigants. In his Complaint, Faloona alleges that Riecken, his former college professor, discriminated against him due to his gender by assigning him a poor letter grade for a class. Faloona fails to ask for specific relief in his Complaint. Instead, he leaves it to the Court to award "all and any relief the Court deems just." Compl. at 4.

---

[1] Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Faloona used "et al." in the caption of his Complaint, indicating that he brought his claim against additional defendants, other than Nancy Riecken, who is the only named Defendant. However, no person other than Nancy Riecken is identified within his Complaint, and he specified in the Complaint that he is suing "1" defendant. Compl. at 1. Additionally, in Faloona's response to the Motion for Summary Judgment he omits "et al." from the case caption and at no time has he identified additional defendants in an amended pleading. As a result, no additional defendants could reasonably be apprised of Faloona's claim and the Court disregards the "et al." in his Complaint.

On September 10, 2007, Riecken filed a Motion to Dismiss for Insufficient Service of Process. On October 18, 2007, Riecken filed her Answer to the Complaint. On October 29, 2007, the District Court denied Riecken's Motion to Dismiss. On May 29, 2008, Riecken filed a Motion for Summary Judgment as well as a Memorandum in Support of Motion for Summary Judgment and a Submission of Materials in Support of Motion for Summary Judgment. Also on May 29, 2008, Riecken sent Faloona a *Timms* notice as required by Local Rule 56.1.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for her motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which she believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge her "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support her motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if she chooses, may support her motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on his pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## FACTUAL BACKGROUND

The following facts are taken from the pleadings, the briefing on Riecken's Motion for Summary Judgment, and the documents submitted in support of or in opposition thereto. Any facts in dispute are construed in a light most favorable to Faloona, the nonmoving party.

Riecken is a college professor employed by Ivy Tech Community College of Indiana at its Gary, Indiana campus. Ivy Tech is a state sponsored institution. During the summer of 2007, Riecken taught two sections of an English composition course: English 111, Section 26A; and English 111, Section 51A. The two sections covered the same material, had the same assignments, and were graded by Riecken, who used the same grading scale for both sections. Faloona, an Ivy Tech student, enrolled in English 111, Section 26A.

Riecken assigned the following projects and gave them corresponding point values: a research project requiring students to write a cookbook (40 points), a proposal describing the research project (10 points), writing assignments to be performed in class (40 points), and grammar usage (10 points). Students were given the opportunity to improve their final point total and possibly score over 100 points by submitting a final essay at the end of the term.

Earning a successful final grade required that a student perform well on the graded assignments submitted to Riecken. The grading scale for both sections of English 111 was the scholastic standard: 90 - 100 points = A; 80 - 89 points = B; 70 - 79 points = C; 60 - 69 points = D; and 59 or fewer points = F. Attendance was not graded but Riecken told her students that it was important to attend class in order to understand class content and subsequently be able to competently complete the in-class assignments. Riecken's syllabus provided that students were allowed two absences throughout the course of a semester, but did not explain what would occur if a student missed more than two classes. Students who missed a class could attend the other section of English 111 taught by Riecken to make up the absence. Only if students missed both sections and did not complete the work assigned during a missed class would they not receive points for an in-class assignment.

Riecken scheduled an in-class exam to be the final writing assignment in Faloona's class. Faloona did not write his exam in class. Rather, he turned in an essay that he wrote outside of the class period. Nevertheless, Riecken accepted Faloona's final essay and based her evaluation on his writing.

After the semester ended, the students in Section 26A received the following grades: three females received 'As', two females received 'Bs', and two females received 'Fs'. Faloona, the only male, received a 'D'. He received four out of six points on the final essay, ten out of ten points for grammar usage, twenty-two out of forty points for in-class writing assignments, six out of eight for his project proposal, and lost considerable points scoring only nineteen points out of forty for his cookbook.

Faloona was not alone in receiving low grades. One female student scored twenty-six out of forty on the in-class writing assignments, another received eleven points out of forty. In English 111, Section 56A, three females and three males received 'As', two females received 'Bs', and one

5

female a 'C'. Several members of this class received points similar to Faloona in some categories, but had higher scores in others, resulting in better final grades.

After receiving the 'D' letter grade, Faloona recalls that he met with the Dean of Students, R. Keith Howard, on July 20, 2007, to voice his displeasure with the 'D' and "attempt a resolution." Compl. at 4. Faloona alleges that Howard failed to address any of the issues raised at the meeting.

Howard, in an affidavit, certifies that he and Louise Pollard, the Assistant Dean of Academic Affairs, met with Faloona on August 1, 2007 (the parties' disagreement as to the date of the meeting is not significant). Upon hearing Faloona's dissatisfaction with his grade, Howard, Pollard, and Faloona agreed to have another English instructor review Faloona's work. After the meeting, Howard and Pollard arranged for two instructors to review Faloona's work. The instructors concluded that Faloona's work justified a 'D' grade or lower. On August 21, 2007, Howard and Pollard sent Faloona a letter informing him of the results of the review (upholding the 'D' as proper, if not generous) and of his right to file a formal written appeal to the Dean of Academic Affairs if he wished to further pursue his grievance.

Regarding Faloona's class attendance, the letter explained:

Regarding your issue of attendance as stated on the syllabus that reads: "Only two absences are allowed in this class. Class begins on time and I expect you to be on time...." It does not state that a student will fail the class for excessive absences. Further, your instructor reports that you left class early several times. While the syllabus does not address leaving early, it could be implied that students are expected to be, not only, in class on time but to also remain in class until the end. According to Ms. Riecken, you were not penalized for leaving early.

Def.'s Summ. J. Br., App. 2, Ex. A, Howard Aff.

Faloona filed a request to appeal, the date of which is unclear from the record. In response, on September 6, 2007, Howard sent a letter to Faloona informing him that he needed to make a written submission with supporting materials stating what he thought his grade should have been, why that grade would be justified, and providing copies of his class assignments, if he had them.

6

The letter required Faloona to submit the materials by September 20, 2007, or the 'D' would be final. Faloona did not submit any materials.

**ANALYSIS**

Faloona's 42 U.S.C. § 1983 Complaint alleges that he was the target of gender discrimination in the classroom. In addition, Faloona added a "class of one" allegation. Riecken moves for summary judgment as to all pending claims. She argues that the allegations are not supported by evidence and that she is not a proper defendant to Faloona's 42 U.S.C. § 1983 claim.

The federal court system, addressing cases brought by plaintiffs not represented by legal counsel, provides: "civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant." *Jones v. Phillips*, 39 F.3d 158, 163 (7th Cir. 1994) (citing *Haines v. Kerner*, 404 U.S. 519 (1972) (requiring liberal construction of pro se litigant pleadings)). Acknowledging that deferential standard, this Court reviews Faloona's 42 U.S.C. § 1983 claim to determine whether he may have a viable claim pursuant to 20 U.S.C. § 1681 (prohibiting education discrimination based on gender).

### A. Section 1983 claim against Riecken

In her Motion for Summary Judgment, Riecken submits several arguments that are unrelated to the merits of Faloona's allegations. She argues that she is not subject to suit under 42 U.S.C. § 1983, that she is protected by qualified immunity, and that the Eleventh Amendment to the United States Constitution forbids lawsuits against a state college. Generally, with regard to her status as a viable defendant, Riecken is correct. However, a state official can be subject to suit in her official capacity if the plaintiff is seeking prospective injunctive relief. *See Kashani v. Purdue Univ.* 813 F.2d 843, 848 (7th Cir. 1987). Riecken, acknowledging this exception, contends that even if Faloona does seek injunctive relief, Riecken can no longer provide that relief because her power to

change Faloona's grade ceased when she submitted his grade to the registrar. In seeking injunctive relief, a plaintiff must bring his claim against a responsible official. *See Doe v. Bd. of Trustees of Univ. of Ill.*, 429 F. Supp. 2d 930, 941 (N.D. Ill. April 20, 2006). Thus, Riecken cannot, alone, change Faloona's grade.

The viability of Riecken as a defendant in this matter, and Riecken's jurisdictional arguments, are troublesome for Faloona to overcome. However, the Court will not dispose of this case on those issues. Instead, as the Seventh Circuit has held previously: "where jurisdictional issues are difficult and the merits of the case 'are simple, straightforward and easily resolved,' a court may decline to address the jurisdictional issue if it would make no difference in the outcome of the case." *Foster v. Ivy Tech State Coll.*, No. 95-172-C, 1997 WL 907910, at *5 (S.D. Ind. Nov. 17, 1997) (quoting *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)). As discussed below, Riecken is entitled to summary judgment on the merits of Faloona's claims. In addressing the claims of a pro se plaintiff, the Court would rather grant summary judgment based on the merits of Faloona's case. *See Donald v. Cook County Sheriff's Dept.* 95 F.3d 548, 555 (7th Cir. 1996).

Faloona's claim that he was treated unfairly and that females in his class were given preferential treatment invokes an equal protection claim pursuant to 42 U.S.C. §1983. The equal protection clause of the Fourteenth Amendment provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process or law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV § 1. The Amendment directs that all persons similarly situated should be treated alike. *See* U.S. Const. amend. XIV; *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). A plaintiff seeking to sustain a claim of gender discrimination under the equal protection clause must show: (1) instances of gender discrimination, and (2) the intent to

8

discriminate based on the plaintiff's gender. *See Trautvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990). In other words, "[T]o establish liability under § 1983 for a violation of equal protection, [a plaintiff] must show the [state actor] defendants acted with a nefarious discriminatory purpose, and discriminated against [him] based on [his] membership in a definable class." *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996).

*1. Alleged discriminatory acts*

Faloona advances two theories in support of his argument that Riecken acted discriminatorily. First, Faloona alleges that Riecken discriminated against him when she provided 'A' letter grades to females who did not attend as many classes as he did. Faloona contends that several females in his section missed class more than half of the time. This contention is not corroborated by Riecken's class reporting book, nor can Faloona identify any supportive evidence. Further, both Riecken and the Vice Chancellor for Student Affairs, R. Keith Howard, certified that the only way attendance could impact a student's grade was if the student failed to attend class and did not submit the makeup work for the class material missed. Riecken indicated that she gave students the option of attending the other English 111 class section and submitting makeup assignments if they missed class. Faloona did not miss any makeup assignments and thus, based on the evidence in the record, he received his grade according to Riecken's teaching judgment, not an attendance policy, discriminatory or otherwise.

Faloona, in his response to the Motion for Summary Judgment, next argues that Riecken discriminated against him when she graded his assignments. Faloona requests that the Court review his academic work and compare it with that of his former classmates. Further, Faloona requests that the Court compel Riecken to produce his assignments and the assignments of his classmates for comparison. This argument is a non-starter. The dissemination of grades is based on the academic

9

decisions of the teacher in charge of the classroom. Citing the United States Supreme Court, the United States District Court for the Southern District of Indiana held:

> Absent some evidence of gender-based discrimination, it is simply beyond the reach of the Court to substitute its judgment for that of the University Review Board by imputing gender discrimination to the calculation of [the plaintiff's] grades based on *subjective* reasons. There is a well established reluctance in case law for courts to undertake the judicial review of academic decisions; a faculty's professional judgment in genuinely academic decisions is shown great deference.

*Czubaj v. Ball State Univ.*, No. ID02-0952, 2003 WL 23104219, at *4 (S.D. Ind. Dec. 3, 2003) (citing *Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985)).

Here, because the grade assigned to Faloona was an academic decision, the question for the Court is not whether substantial evidence supports the decision but whether the decision was "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing,* 474 U.S. at 225 (citing *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)). School officials of an academic institution who are charged with bias in dealing with students "are entitled to a presumption of honesty and integrity unless actual bias, such as personal animosity, illegal prejudice, or a personal or financial stake in the outcome can be proven." *Ikpeazu v. Univ. of Neb.*, 775 F.2d 250, 254 (8th Cir. 1985) (citing *Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 497 (1976)).

After Riecken assigned Faloona the 'D' and Faloona complained to R. Keith Howard about the grade, Howard asked two other instructors to review Faloona's work. Those professors found that Riecken had been fair, if not generous, in awarding Faloona a 'D'. School officials then informed Faloona of his right to appeal the grade decision to the Dean of Academic Affairs. Faloona chose not to pursue this administrative remedy and he is now unable to point to any evidence that Riecken awarded his grade for any reason other that his academic performance. Rather than meddle with an academic evaluation, the Court relies on the school's and its instructors' judgment.

As to Faloona's request that the Court subpoena class work,[2] this too is outside the Court's role. Faloona chose not to avail himself of the opportunity to conduct discovery in this matter. In his summary judgment briefing, Faloona pleads for Court assistance due to his lack of legal knowledge. Courts are required to view claims asserted by pro se plaintiffs with certain deference, but courts need not assist pro se plaintiffs in requesting discovery. *See Bieber v. Wis. Dept. of Corr.*, 62 Fed. Appx. 714, 719 (7th Cir. 2003). Thus, the Court denies Faloona's request to compel Riecken to produce the assignments completed by him and his classmates.

*2. Intent to discriminate*

Even supposing that the above mentioned activities were discriminatory actions, it is up to Faloona to also prove that they were committed against him because he is a male. With the most liberal interpretation of Faloona's facts in his favor, there is no evidence that Riecken gave him a poor grade because he is a male. Within Riecken's English 111, Section 56A class (the section that Faloona had not enrolled in), three male students received 'As' for the summer 2007 term. And while Faloona received a 'D', two females from his section received failing grades for the semester.

The Seventh Circuit has held that "[a] party to a lawsuit cannot ward off summary judgment with an affidavit or deposition based on rumor or conjecture." *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568 (7th Cir. 1989). Here, Faloona has not even an affidavit or deposition transcript to stand on. Instead, he relies entirely on his pleadings and summary judgment briefing. Even in these writings, Faloona cannot make any allegations beyond baseless claims that show he was the victim of gender discrimination. After school officials evaluated Faloona's claim and found it unavailing,

---

[2]Faloona made this request in a document filed on July 24, 2008, titled "Reply," which in effect operates as a sur-reply. Faloona did not file for leave to file the "Reply." After it was filed, Riecken did not move to strike the filing. Local Rule 7.1 allows for the filing of only a response and a reply in briefing a motion. *See* N.D. Ind. L.R. 7.1. Although not allowed by the Local Rules, the Court considered the "Reply" in this Opinion and Order in deference to Faloona as a pro se plaintiff and in order to rule on all of the merits of this case.

the Court has had its turn and reaches the same conclusion. The Court searched the record for a genuine issue of material fact; there are none.

*3. Class of one allegation*

In addition, Faloona claims that he was treated as a "class of one." Faloona alleges in his Complaint that he was treated as a "class of one" in a "disparate manner" and asserts in his response to the Motion for Summary Judgment that he was treated with a "bias and animus." Compl. at 3; Plaintiff's Answer to Mot. Summ. J. at 1.

An equal protection claim based on a "class of one" theory may be brought if "the plaintiff alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Martin v. Shawano-Gresham Sch. Dist.*, 295 F.3d 701, 713 (7th Cir. 2002); *Alcala v. Toatro*, No. 05 C 3683, 2005 WL 3470293, at *3 (N.D. Ill. Dec. 16, 2005). The Seventh Circuit has articulated two standards for determining whether a class of one violation has been shown.

The first, set forth in *Hilton v. City of Wheeling*, requires "evidence that the defendant deliberately sought to deprive [the plaintiff] of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." 209 F.3d 1005, 1008 (7th Cir. 2000). The second standard allows a class of one case to be proved by showing that the defendant, without a rational basis, intentionally treated the plaintiff differently from others similarly situated. *See Tuffendsam v. Dearborn County Bd. of Health*, 385 F.3d 1124, 1127 (7th Cir. 2004).

As found in the previous section, there is no evidence that Riecken sought to deprive Faloona of any rights or protections provided by law. While Faloona asserts that Riecken was vindictive, there is no evidence in support of this statement that would render Riecken's actions unlawful. Additionally, there is a rational basis for Riecken's treatment of Faloona: he failed to

12

produce the quality academic work required to earn a higher grade. Thus, Faloona's class of one claim fails.

### B. TITLE IX: 20 U.S.C § 1681

In deference to Faloona, this Court will review a legal claim not expressly asserted in his 42 U.S.C. § 1983 Complaint but regularly alleged by students claiming gender discrimination. According to 20 U.S.C. § 1681(a), commonly referred to as Title IX, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." In order to bring a claim pursuant to Title IX, a student must establish the following prima facie case: "(1) he was in the protected class, (2) he was performing the academic requirements well enough to meet his educator's legitimate expectations, (3) he suffered adverse treatment, and (4) the educational program continued to instruct and credit other students." *Andriakos v. Univ. of Southern Ind.*, 867 F. Supp. 804, 810 (S.D. Ind. Sept. 23, 1992). If a student is successful in asserting the four elements, the burden then shifts to the educator to articulate a legitimate nondiscriminatory reason for any adverse action taken against the student. *See id.*

As stated above, Faloona did not meet the academic requirements set by Riecken. Furthermore, Faloona has not shown that he suffered any adverse or undeserved treatment. As the facts of record indicate, reasons unrelated to discrimination caused Faloona to receive a class grade that was not to his liking.

## CONCLUSION

Based on the foregoing, this Court now **GRANTS** the Defendants' Motion for Summary Judgment [DE 18], and enters summary judgment in favor of Defendant Nancy Riecken and against Plaintiff Richard Faloona.

SO ORDERED this 18th day of August, 2008.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record